IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THU-THUY NGUYEN<br>　　*Plaintiff*,<br><br>v.<br><br>TRAVELERS HOME AND MARINE<br>INSURANCE COMPANY<br>　　*Defendant*. | CIVIL ACTION NO. 4:19-cv-4774 |

## NOTICE OF REMOVAL

TRAVELERS HOME AND MARINE INSURANCE COMPANY ("Travelers"), pursuant to 28 U.S.C. § 1441 and 1446, files this Notice of Removal of the captioned action, Cause No. 2019-58106; *Thu-Thuy Nguyen v. Travelers Home and Marine Insurance Company* in the 55th Judicial District Court of Harris County, Texas. In support of this Notice of Removal, Travelers submits the following:

1. Thu-Thuy Nguyen ("Plaintiff") commenced the captioned action by filing Plaintiff's Original Petition and Requests for Disclosure ("Petition") on August 20, 2019, in the 55th Judicial District Court of Harris County, Texas. Travelers was served with the Petition on November 18, 2019.

2. Travelers requested certified copies of all process, pleadings, and orders from the Harris County District Clerk. Travelers has attached the certified copies as Exhibit "A" to this Notice of Removal.

3. The Petition alleges that Plaintiff owns the insured property located at 2722 W Holcombe Boulevard, Houston, TX 77025.[1] The Petition further states that Plaintiff resides in

---

[1] Plaintiff's Original Petition and Requests for Disclosure at ¶8.

Harris County.[2] Upon information and belief, it is believed that Plaintiff is a citizen of Texas, residing at 2722 W Holcombe Boulevard, Houston, TX 77025. The Petition further alleges that Defendant, Travelers Home and Marine Insurance Company, is a business and a resident of California.[3] Defendant, Travelers, is actually a Connecticut corporation whose principal place of business is in the state of Connecticut.

4. The Petition alleges that Plaintiff's property was insured under a homeowners insurance policy issued by Travelers.[4] The Petition alleges that on or about August 26, 2017, Plaintiff's property sustained damage as a result of Hurricane Harvey, particularly that the roof sustained wind and/or hail damage.[5] The Petition alleges Plaintiff submitted a claim for the damage.[6] The Petition alleges Travelers has not compensated the Plaintiff under the terms of the policy.[7]

5. This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. Section 1446(b).

6. Defendant does not admit the underlying facts as alleged by Plaintiff or as summarized above. Further, Defendant expressly denies that it has any liability to Plaintiff.

7. To prevent removal, "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints."[8]

**DIVERSITY JURISDICTION**

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete

---

[2] *Id.* at ¶2.
[3] *Id.* at ¶3.
[4] *Id.* at ¶7.
[5] *Id.* at ¶9.
[6] *Id.* at ¶10.
[7] *Id.* at ¶14.
[8] *D. Aguilar v. Boeing Company*, 11 F3d 55, 58 (5th Cir. 1993).

diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Plaintiff is a citizen of Texas.  Travelers is a citizen of Connecticut. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988).

9.      Although Plaintiff's Original Petition is silent as to the amount of actual damages Plaintiff seeks in this action, as stated above, this is an insurance "bad faith" case in which Plaintiff seeks damages for Travelers' alleged refusal to pay insurance benefits and Defendants' wrongful handling of Plaintiff's claim resulting from structural damage.  According to Plaintiff's Petition, Plaintiff's residence suffered significant damage on or about August 26, 2017, insured under a homeowners' policy issued by Travelers.  Plaintiff seeks actual damages for the structure, attorney's fees, statutory penalties under the Texas Insurance Code and damages for mental anguish in this case.  Plaintiff further alleges that Defendants knowingly violated the Texas Insurance Code, entitling Plaintiff to treble damages.  Finally, Plaintiff alleges that such conduct by Defendants was apparently so egregious, Plaintiff should be awarded exemplary damages.[9]  When a Plaintiff's pleading does not allege a specific amount of damages, the removing party Defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[10]  Herein, Plaintiff alleges the monetary relief sought is more than $100,000.[11]  Given the nature of Plaintiff's claims against Travelers, the alleged damages in this action appear to clearly exceed $75,000, exclusive of interest and costs.  *See Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).

10.     Moreover, because Plaintiffs in Texas are not limited to recovery of damages requested in their pleadings, "[l]itigants who want to prevent removal must file a binding

---

[9] Plaintiff's Original Petition and Requests for Disclosure at ¶55.
[10] *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).
[11] Plaintiff's Original Petition and Requests for Disclosure at ¶4.

stipulation or affidavit with their complaints." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. No binding stipulation or affidavit was filed with Plaintiff's Petition.

## REMOVAL PROCEDURE

11. The Clerk of the 55th Judicial District Court of Harris County, Texas, has been provided notice of this removal.

12. The following exhibits are attached to this notice and incorporated herein by reference:

   a. Index of matters of being filed;

   b. List of all parties and counsel of record; and

   c. Certified copies of documents contained in the state court file of the 55th Judicial District Court of Harris County, Texas.

## CONCLUSION

17. Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Travelers removes this case to this court for trial and determination.

(*Signature on the following page*)

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD, A LAW CORPORATION

By: /s/ *Christine R. Edwards*
Christine R. Edwards
SBN:  24107329
FBN:  3272073
cedwards@lawla.com
801 Travis Street, Suite 1800
Houston, Texas 77002
PH:    (713) 222-1990
FAX:  (713) 222-1996

ATTORNEY FOR TRAVELERS HOME AND MARINE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 9th day of December 2019, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile, properly addressed to:

Johnny Ngueyen                              *Via E-file*
JOHNNY NGUYEN & ASSOCIATES
2825 Wilcrest Drive
Suite 308
Houston, TX 77042
jnguyen@johnnynguyenlaw.com

/s/ *Christine R. Edwards*
Christine R. Edwards