8/20/2019 5:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36131772
By: Lisa Thomas
Filed: 8/20/2019 5:19 PM

<div style="text-align:center">

**Cause No. _____**

</div>

| | | |
|---|---|---|
| THU-THUY NGUYEN | § | |
| *Plaintiffs,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | _____ JUDICAL DISTRICT |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, THU-THUY NGUYEN (herein "Plaintiff") and files this PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE, complaining of TRAVELERS HOME AND MARINE INSURANCE COMPANY (herein "THE"), and respectfully shows this Honorable Court the following:

### I.  DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.  PARTIES

2.  Plaintiff Thu-Thuy Nguyen is an individual residing in Harris County, Texas.

3.  Defendant Travelers Home and Marine Insurance Company is a foreign insurance company engaged in the business of insurance in the State of Texas with its principal office located in Fairfield, California. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas, in Harris County. Defendant Travelers Home and Marine Insurance Company may be served via

Certified Document Number: 86743990 - Page 1 of 15

<div style="text-align:center">

6

</div>

<div style="text-align:center; color:red">

# EXHIBIT A

</div>

its registered Attorney for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

### III.   JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief of more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

5.      The Court has jurisdiction over Defendant THE because this defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

### IV.   VENUE

6.      Venue is proper in Harris, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V.   FACTS

7.      Plaintiff is the owner of a Travelers Home and Marine Insurance Policy, with Policy No. 0CNC36-996805045-633-1, which was issued and sold by THE (hereinafter referred to as "the Policy") and was effective during the date of incident (See Exhibit A).

8.      Plaintiff owns the insured property, which is specifically located at 2722 W Holcombe Blvd, Houston, Texas 77025, which is located in Harris County, Texas (herein "the Property").

9.      On or about August 26, 2017, a severe wind and/or hail storm, a/k/a Hurricane Harvey, struck Harris County, Texas ("the Incident").  This storm caused substantial damage to buildings in the area, including Plaintiff's Property. On or about October 05, 2017, Plaintiff

Certified Document Number: 86743990 - Page 2 of 15

had New Horizons Roofing Specialists conducted on the Property (hereafter referred to as "NHRS"). NHRS found that the Property sustained substantial wind and/or hail damages as a result of the Incident. Specifically, the laminated shingle roofing of Plaintiff's dwelling sustained extensive wind and/or hail damage and requires *full replacement* along with the roof components, such as the galvanizing drip edge, new valleys, replace of lead roof jacks, replace attic ventilation, replacement of new insulation (See Exhibit B).

10.    On or about, July 23, 2019, Plaintiff had Vivas Contractors Inc. conducted on the Property. Vivas Contractor Inc. found that the Property sustained substantial wind and/or hail damage as a result of the Incident. Specifically, Vivas Contractor found that the interior of the property sustained damage, requiring the removal and replacement of drywall and insulation to the kitchen, hallways, bathrooms, and bedrooms. In addition, Vivas Contractors Inc. also determined that an all damaged wood need to be installment of gyp board, tape float and paint to match existing color. Vivas Contractors Inc. included the repair of water damage on walls, tape, float and paint to match existing color on upstairs hallways, master bed room walls and ceilings, and the removal of damaged carpets (See Exhibit C).

11.    On or about, August 9, 2019, Plaintiff had EZ Roof & Restoration conducted on the Property. EZ Roof & Construction found that the Property sustained substantial wind and/or hail damage as a result of the Incident. EZ Roof & Restoration are currently determining the damages and estimates for this property. A detailed report of their findings will be provided upon its completion.

10.    Prior to the inspection conducted by NRHS, Plaintiff submitted a claim to THE against the Policy referenced in paragraph 7 for hail and wind damage to the Property sustained as a result of the Incident, and her claim was assigned claim number UA45415 by

Certified Document Number: 86743990 - Page 3 of 15

Defendant THE on August 30, 2017 ("the Claim"). Plaintiff asked that THE cover all costs of repairs to the Property, as shown *supra,* pursuant to the Policy.

11.     THE acknowledged the claim and informed the Plaintiff that further on-site investigation of the claim might be necessary.

12.     Thereafter, THE assigned Mr. Adam Dupnik (herein "Dupnik") to inspect the Property and adjust the claim on its behalf.

13.     As of August 7, 2019, Defendant THE has not compensated Plaintiff's claim and the claim has been opened for approximately one year and 11 months.

14.     Defendant THE failed to perform its contractual duty to adequately compensate Plaintiff under terms of the Policy. Specifically, it refused to pay adequately proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. THE's conduct constitutes a breach of the insurance contract between THE and Plaintiff.

15.     Defendant THE and Dupnik misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant THE and Dupnik's conduct constitute violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(l).

16.     Defendant THE and Dupnik failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant THE conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §54l.060(a)(2)(A).

17.     Defendant THE and Dupnik failed to explain to Plaintiff the reasons for their denial of Plaintiff's full claim. Specifically, Defendant THE and Dupnik failed to offer Plaintiff adequate

Certified Document Number: 86743990 - Page 4 of 15

compensation, without sufficient explanation as to why full payment was not being made. Furthermore, Defendant THE and Dupnik did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy. The conduct of Defendant THE and Dupnik is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

18.     Defendant THE refused to fully compensate Plaintiff, under the terms of the Policy, even though THE and Dupnik failed to conduct a reasonable investigation. Specifically, THE and Dupnik performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of THE and Dupnik constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

19.     Defendant THE failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. THE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

20.     Defendant THE failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. THE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

21.     As a result of Defendant THE and Dupnik's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing her with respect to these causes of action.

## VI.     CAUSE OF ACTION

10

22.     Defendant THE is liable to Plaintiff for breach of contract, "knowing" violations of Chapters 541 and 542 of the Texas Insurance Code, and for Dupnik's acts as THE's agent.

<div align="center">A.     <u>BREACH OF CONTRACT</u></div>

23.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

24.     Defendant THE's conduct constitutes a breach of the insurance contract made between THE and Plaintiff.

25.     A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.,* 184 S.W.3d 1, 17 (Tex.App.–Houston [1st Dist.] 2005, pet. denied).

26.     A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

27.     Defendant THE's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiff fully performed all of her obligations under the Policy, including the payment of the premium, constitutes a breach of THE's insurance contract with Plaintiff.

<div align="center">B. <u>NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES</u></div>

Certified Document Number: 86743990 - Page 6 of 15

28.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

29.     Defendant THE's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

30.     Defendant THE's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiff that damages sustained to the Property during the Incident were not covered despite the fact that damages were the result of a peril/s covered by the policy at issue – constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX INS. CODE §541.060(a)(l).

27.     Defendant THE's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though THE's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §54l.060(a)(2)(A).

28.     Defendant THE's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

29.     Defendant THE's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method

Certified Document Number: 86743990 - Page 7 of 15

of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

30.    Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

31.    Defendant THE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

32.    Defendant THE's failure to notify Plaintiff in writing of its acceptance or rejection of the entire claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

33.    Defendant THE's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

D.        ACTS CONSTITUTING ACTING AS AGENT

34.    Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

35.    Defendant Dupnik's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.    Falsehoods and misrepresentations may be communicated by actions as well as by the

13

spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Dupnik's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Dupnik's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(l).

37.    Defendant Dupnik's unfair settlement practice, as described above, of failing to attempt in good faith to *effectuate* a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §54l.060(a)(2)(A).

38.    The unfair settlement practice of Dupnik as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.    Defendant Dupnik's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation

Certified Document Number: 86743990 - Page 9 of 15

of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.     Dupnik did not properly inspect the Property and therefore failed to assess many of the Plaintiff's covered damages, although Plaintiff had reported the same to Dupnik. Defendant Dupnik's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

41.     An insured that is subject to prohibited conduct by an insurance carrier, or its representatives and agents, can seek redress under both the Texas Insurance Code and the Texas Deceptive Trade Practices Act (herein "DTPA"). TEX. Bus. & COM. CODE § 17.43; *Vail v. Texas Farm Bur. Mut. Ins. Co.,* 754 S.W.2d 129, 133-36 (Tex. 1988).

42.     Plaintiff is a "consumer" under the DTPA. TEX. Bus. & COM. CODE § 17.45(4).

43.     Section 17.45(5) of the DTPA defines "unconscionable action or course of action" as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. Bus. & COM. CODE § 17.45(5).

44.     Section 17.50 of the DTPA authorizes a consumer to "maintain an action where [. . .] any unconscionable action or course of action *by any person"* constitutes a producing cause of economic damages or damages for mental anguish. TEX. Bus. & COM. CODE § 17.50(a)(3) (emphasis added).

45.     In the instant matter, Dupnik clearly sought to take advantage of the lack of knowledge, ability, experience, or capacity of the Plaintiff to a grossly unfair degree. After

15

Certified Document Number: 86743990 - Page 10 of 15

the full-detailed estimate report was given to the Plaintiff, Dupnik did not clearly explained what he found during his inspection at the Property.

46.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Dupnik is an agent of Defendant THE based on Defendant THE's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

47.     Separately, and/or in the alternative, as referenced and described above, Defendant THE ratified the acts, negligent hiring and training, supervision and/or omissions of Dupnik, including the completion of his duties under the common-law and statutory law.

## VII.     KNOWLEDGE

48.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

49.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VIII.     DAMAGES

50.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

51.     As previously mentioned, the damages caused by the August 26, 2017 hail storm and/or windstorm have not been properly addressed or repaired in the months since the Incident, causing further damages to the Property, and causing undue hardship and burden to

Certified Document Number: 86743990 - Page 11 of 15

Plaintiff. These damages are a direct result of Defendant THE's mishandling of Plaintiff's claim in violation of the laws set forth above.

52.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

53.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

54.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as fifteen (15) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

55.    For Defendant Dupnik's violation of the DTPA, Plaintiff is entitled to economic damages, damages for mental anguish, exemplary damages, court costs & expenses, and reasonable attorneys' fees.

56.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.    <u>CONDITIONS PRECEDENT</u>

57.    Plaintiff asserts that all conditions precedent to filing suit under the policy referenced in paragraph 7 have been met and fulfilled.

Certified Document Number: 86743990 - Page 12 of 15

## X.   REQUESTS FOR DISCLOSURE

58.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendant THE disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a) through (1) of the Texas Rules of Civil Procedure.

## XI.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she is justly entitled.

**Johnny Nguyen & Associates**
By: */s/Johnny Nguyen*
Johnny Nguyen
SBN: 24090667
2825 Wilcrest Drive
Suite 308
Houston, Texas, 77042
T: (832) 834-5918
F: (281) 503-7503
jnguyen@johnnynguyenlaw.com

Certified Document Number: 86743990 - Page 13 of 15

Attorney for Plaintiff:
THU-THUY NGUYEN

Certified Document Number: 86743990 - Page 14 of 15

Certified Document Number: 86743990 - Page 15 of 15



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   September 11, 2019

Certified Document Number:        86743990 Total Pages:  15

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/7/2019 1:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38314537
By: Brittany Hall
Filed: 11/7/2019 1:35 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: 2019-58106                    CURRENT COURT: 55th District Court

Name(s) of Documents to be served: Citation

FILE DATE: 08/20/2019          Month/Day/Year
SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: Travelers Home and Marine Insurance Company

Address of Service: 211 East 7th Street, Suite 620

City, State & Zip: Austin, Texas 78701-3218

Agent (if applicable)

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | | Newspaper_____ | |
| ☐ Temporary Restraining Order | ☐ Precept | | ☐ Notice |
| ☐ Protective Order | | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment | |
| ☐ Certiorari | ☐ Highway Commission ($12.00) | | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment | |
| ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration | |
| ☐ Subpoena | | | |
| ☐ Other (Please Describe) _____ | | | |

(See additional Forms for Post Judgment Service)

SERVICE BY (check one):
☐ ATTORNEY PICK-UP (phone) _____        ☐ E-Issuance by District Clerk
☐ MAIL to attorney   at: _____           (No Service Copy Fees Charged)
☐ CONSTABLE                              *Note:* The email registered with EfileTexas.gov must be
☐ CERTIFIED MAIL by District Clerk        used to retrieve the E-Issuance Service Documents.
                                          Visit www.hcdistrictclerk.com for more instructions.

☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____        Phone: _____

☑ OTHER, explain  Tina Pham

Issuance of Service Requested By: Attorney/Party Name: Johnny Nguyen        Bar # or ID  24090667

Mailing Address: 2825 Wilcrest Dr., Suite 308, Houston, TX

Phone Number: 8328345918

Certified Document Number: 87993406 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 19, 2019

Certified Document Number:        87993406 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

AY

# MARILYN BURGESS
## HARRIS COUNTY DISTRICT CLERK

COPY OF PLEADING PROVIDED BY PLTD.

## Civil Process Pick-Up Form

### CAUSE NUMBER: 2019-58106

ATY ___0___          CIV _____          COURT __55__

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: Nguyen, Johnny        * PH: 832-834-5918 |
| *CIVIL PROCESS SERVER: Tina Pham |
| *PH: |
| *PERSON NOTIFIED SVC READY: Udeemart - Tina |
| * NOTIFIED BY: WC |
| *DATE: 11-8-19 |

Type of Service Document: Ct              Tracking Number 73694389
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____
Type of Service Document: _____      Tracking Number _____

Process papers prepared by: **WANDA CHAMBERS** _____

Date: 11 / 8 /2019          30 days waiting 12 / 8 /2019 _____

| |
|---|
| *Process papers released to: Tina Pham |
| 7138851645    (PRINT NAME) |
| *(CONTACT NUMBER)    Jupm (SIGNATURE) |
| *Process papers released by: I. Collins |
| (PRINT NAME) |
| I. Collins (SIGNATURE) |
| * Date: _____ , 2019___ Time: _____ AM / PM |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

**Entire document must be completed**    (do not change this document)   Revised 1 3 2019

Certified Document Number: 88078052 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 19, 2019

Certified Document Number:        88078052 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**